**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| MARY PYAWASIT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-430 |
| | ) | |
| v. | ) | |
| | ) | |
| ONEMAIN FINANCIAL GROUP, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARY PYAWASIT, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, ONEMAIN FINANCIAL GROUP, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Equal Credit Opportunity Act (hereinafter "ECOA"), 15 U.S.C. §1691, et. seq. and its promulgated regulations, 12 C.F.R. 202.9, et seq.

### II.   JURISDICTION & VENUE

2.     Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1691, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.     MARY PYAWASIT, (hereinafter, "Plaintiff") is an individual who was at all relevant times to the present action, a resident of the state of Wisconsin.

5.    At all relevant times, Plaintiff was a "person" as that term is defined by 15 U.S.C. §1691a(f).

6.    ONEMAIN FINANCIAL GROUP, LLC, (hereinafter, "Defendant") is a business entity engaged in providing consumer loans, consumer credit, and other financial services within the State of Wisconsin.  Defendant is incorporated in the State of Wisconsin.

7.    At all relevant times Defendant was a "creditor" as that term is defined by 15 U.S.C. §1691a(e).

## IV.    ALLEGATIONS

8.    Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9.    On or about July 3, 2019, Plaintiff submitted a request for a personal loan with Defendant.

10.    In submitting a request for a personal loan with Defendant, Plaintiff provided certain information for Defendant to review and for Defendant to obtain a consumer report regarding Plaintiff.

11.    On or about July 3, 2019, as part of its process for reviewing a request for an extension of credit, Defendant accessed Plaintiff's individual and personal credit file from Experian Information Solutions, LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

12.    Subsequent to reviewing Plaintiff's request to Defendant for the extension of credit, and subsequent to reviewing Plaintiff's consumer report, Defendant deemed Plaintiff ineligible for a loan with Defendant.

13.     Defendant made the decision to reject Plaintiff's application on or about July 3, 2019.

14.     Pursuant to 12 C.F.R.§202.9(a), Defendant was obligated to, within thirty (30) days of determining that Plaintiff was ineligible for a loan with Defendant, provide written notice of adverse action and, *inter alia,* a statement of the specific reasons for the action taken and a disclosure of Plaintiff's rights under the ECOA.

15.     Defendant failed to provide Plaintiff with written notice of taking adverse action within thirty (30) days of taking said adverse action in violation of 12 C.F.R. §202.9(a) and (b) and 15 U.S.C. §1691(d)(2).

16.     The right to a statement of reasons for adverse action guarantees that consumers are provided with information about the true reasons that a creditor has chosen to decline a consumer credit or negatively change the terms of credit. This requirement helps to ensure that consumers are not discriminated against and provides consumers with information necessary to improve their credit standing, either by alerting them to inaccurate information appearing on their credit reports, or by providing consumers with the specific items included in their credit reports that are hurting their ability to obtain credit.  This, in turn, allows consumers to either dispute the inaccurate information to the respective consumer reporting agencies, or work toward improving the items on their credit reports that are most detrimental.  In failing to provide Plaintiff with a statement of reasons for its adverse action, Defendant deprived Plaintiff of this vital information.

17.     By failing to provide Plaintiff with a statement of reasons for its refusal to provide Plaintiff credit, Defendant deprived Plaintiff of information necessary to determine why Defendant took such action.  Such information would have allowed Plaintiff to attempt to correct any erroneous information and take measures to improve her credit standing.

18.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

19.     As a result of the above violations of the ECOA, Defendant is liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs.

## V.     JURY DEMAND

20.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARY PYAWASIT, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.     Finding that Defendant violated the Equal Credit Opportunity Act.

b.     Enter judgment for plaintiff for actual and punitive damages, and reasonable attorneys' fees as provided by §1691 of the ECOA; and

c.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MARY PYAWASIT**


By:     s/ David M. Marco
        Attorney for Plaintiff

Dated: July 2, 2021


David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com